UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

| | |
|---|---|
| ROBERT DELL'OSSO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SILVER BAY REALTY TRUST CORP., THOMAS W. BROCK, DARYL J. CARTER, TANUJA M. DEHNE, STEPHEN G. KASNET, IRVIN R. KESSLER, W. REID SANDERS, THOMAS E. SIERING, and MARK WELD,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) Civ. No. _____<br>)<br>) **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**CLASS ACTION COMPLAINT FOR VIOLATIONS OF
SECTIONS 14(a) AND 20(A) OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff Robert Dell'Osso ("Plaintiff"), by his attorneys, alleges upon information and belief, except for her own acts, which are alleged on knowledge, as follows:

**INTRODUCTION**

1. Plaintiff brings this action on behalf of herself and the public stockholders of Silver Bay Realty Trust Corp. ("Silver Bay" or the "Company") against Silver Bay's Board of Directors (collectively, the "Board" or the "Individual Defendants," as further defined below) for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act"), and Rule 14a-9 promulgated thereunder ("Rule 14a-9").

2. On February 27, 2017, Silver Bay and Tricon Capital Group, Inc. ("Tricon") announced that they had entered into a definitive agreement ("Merger Agreement") under which Tricon will acquire all of the outstanding shares of Silver Bay in an all-cash transaction (the "Proposed Transaction"). If consummated, Silver Bay stockholders will receive $21.50 in cash

1

for each share of Silver Bay common stock.  The Proposed Transaction has an equity value of approximately $1.4 billion.

3.      On March 28, 2017, Defendants issued materially incomplete and misleading disclosures in the Schedule 14A Definitive Proxy Statement (the "Proxy") filed with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.  The Proxy is deficient and misleading in that it fails to provide adequate disclosure of all material information related to the Proposed Transaction.  The Proxy announced that the Company would hold a special stockholder meeting on May 5, 2017 for a stockholder vote on the Proposed Transaction.

4.      Accordingly, Plaintiff alleges herein that Defendants have breached their fiduciary duties and violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331–32, pursuant to 15 U.S.C. § 78aa (federal question jurisdiction), as Plaintiff alleges violations of Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

6.      The Court has personal jurisdiction over each of the Defendants because each either is a corporation that is incorporated under the laws of, conducts business in and maintains operations in this District or is an individual who either is present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because: (a) one or more of the Defendants either resides in or maintains executive offices here; (b) a substantial portion of the transactions and wrongs complained of herein occurred here; and (c) Defendants

have received substantial compensation and other transfers of money here by doing business here and engaging in activities having an effect here.

## PARTIES

8. Plaintiff is, and has been at all relevant times, the owner of shares of Silver Bay common stock.

9. Silver Bay is a corporation organized and existing under the laws of the State of Maryland. Silver Bay is a Maryland corporation focused on the acquisition, renovation, leasing, and management of single-family properties in select markets in the United States. Silver Bay generates virtually all of its revenue by leasing a portfolio of single-family properties. As of December 31, 2016, Silver Bay owned 9,044 single-family properties in Arizona, California, Florida, Georgia, Nevada, North Carolina, Ohio, South Carolina and Texas, excluding properties reflected as assets held for sale on its consolidated balance sheets. The Company maintains its principal executive offices at 3300 Fernbrook Lane North, Suite 210, Plymouth, Minnesota, 55447. Silver Bay common stock trades on the New York Stock Exchange under the ticker symbol "SBY."

10. Defendant Thomas W. Brock ("Brock") has served as Chief Executive Officer ("CEO") of the Company since June 21, 2016 and has served as a director of the Company since December 2012. Prior to his appointment as CEO, Brock served as the lead independent director until January 19, 2016.

11. Defendant Daryl J. Carter ("Carter") has served as a director of the Company since July 2013.

12. Defendant Tanuja M. Dehne ("Dehne") has served as a director of Silver Bay since December 2012.

13. Defendant Stephen G. Kasnet ("Kasnet") has served as a director of Silver Bay since December 2012.

14. Defendant Irvin R. Kessler ("Kessler") is a director and Chairman of the Board of Silver Bay. Kessler has served as a director since December 2012.

15. Defendant W. Reid Sanders ("Sanders") has served as a director of Silver Bay since August 2, 2016.

16. Defendant Thomas E. Siering ("Siering") has served as a director of the Company since December 2012.

17. Defendant Mark Weld ("Weld") has served as a director of the Company since January 4, 2017.

18. Defendants Brock, Carter, Dehne, Kasnet, Kessler, Sanders, Siering, and Weld are collectively referred to as Individual Defendants and/or the Board.

19. Non-party Tricon is an Ontario corporation headquartered at 1067 Yonge Street, Toronto, Ontario, M4W 2L2. Tricon common stock trades on the Toronto Stock Exchange under the ticker symbol "TCN."

## CLASS ACTION ALLEGATIONS

20. For purposes of the breach of fiduciary duties claims, Plaintiff brings this action individually and as a class action on behalf of all holders of Silver Bay stock who are being, and will be, harmed by Defendants' actions described herein (the "Class"). Excluded from the Class are Defendants herein and any person, firm, trust, corporation, or other entity related to, controlled by, or affiliated with, any Defendant, including the immediate family members of the Individual Defendant.

21. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23.

22.     The Class is so numerous that joinder of all members is impracticable. As of March 17, 2017, Silver Bay had 35,471,089 shares of common stock outstanding. These shares are held by thousands of beneficial holders who are geographically dispersed across the country.

23.     There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. The common questions include, inter alia, the following:

      a.  whether Defendants have violated Sections 14 and 20 of the Exchange Act in connection with the Proposed Transaction; and

      b.  whether Plaintiff and the other members of the Class would be irreparably harmed were the transactions complained of herein consummated.

24.     Plaintiff's claims are typical of the claims of the other members of the Class and Plaintiff does not have any interests adverse to the Class.

25.     Plaintiff is an adequate representative of the Class, has retained competent counsel experienced in litigation of this nature, and will fairly and adequately protect the interests of the Class.

26.     The prosecution of separate actions by individual members of the Class creates a risk of inconsistent or varying adjudications with respect to individual members of the Class, which could establish incompatible standards of conduct for Defendants.

27.     Plaintiff anticipates that there will be no difficulty in the management of this litigation. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

28.     Defendants have acted on grounds generally applicable to the Class with respect to the matters complained of herein, thereby making appropriate the relief sought herein with respect to the Class a whole.

29.     Accordingly, Plaintiff seeks injunctive and other equitable relief on behalf of himself and the Class to prevent the irreparable injury that the Company's stockholders will continue to suffer absent judicial intervention.

## FURTHER SUBSTANTIVE ALLEGATIONS

**The Sale Process**

30.     The Board of Silver Bay had made a substantial attempt to sell part or all of its assets in 2015 through an extensive process. During this effort, the Company or its financial advisor Goldman, Sachs & Co. ("Goldman") contacted approximately 70 firms to gauge an interest, and entered into negotiated non-disclosure agreements with thirteen parties by October 9, 2015.

31.     By February 2016, the Board had determined to halt the Company's efforts to enter into a strategic transaction in favor of an intermediate strategy of increasing the value of the Company through internal investment and cost savings. However, the Company still requested a ruling from the Internal Revenue Service regarding a potential transaction liquidating the Company.

32.     The President and CEO of Tricon, Gary Berman ("Berman"), contacted Goldman on March 1, 2016 to express an interest in meeting with the Company's interim CEO, Defendant Brock. The two CEOs agreed to meet, and had lunch on April 25, 2016. However, the meeting apparently did not include a discussion of a potential transaction.

33.     On June 21, 2016, the Board met and appointed Defendant Brock as permanent President and CEO. The Board also reviewed the potential of a liquidation of the Company.

6

34. In July 2016, the Company began discussing the formation of a fund or joint venture for the acquisition of additional single-family homes for rental.

35. On July 6, 2016, Berman contacted Brock to express Tricon's interest in a potential transaction. Berman and Brock met on July 15, 2016 where Berman presented a proposal for Tricon to acquire the Company at a price of $19.00 per share in cash and stock. On July 22, 2016, Silver Bay reinstated an engagement letter with Goldman for conducting a strategic review. Brock discussed potential transactions with Goldman on August 1, 2016.

36. Brock met with Company K on August 1, 2016 to discuss the industry and a potential business relationship. The parties met again on August 8, 2016 to discuss a potential joint venture, and Company K sent a non-binding term sheet on August 15, 2016.

37. Ultimately, after investigation and discussion, on September 22, 2016, the Board concluded that Tricon's offer was too low to engage in further discussions.

38. The Company continued discussions with Company K in October and November 2016, but eventually discussions ceased in December 2016.

39. On October 27, 2016, Company I contacted Brock to indicate that it was in a position to offer a stronger proposal than the previous proposal made during the 2015 strategic review. The parties entered into an extension of the NDA on October 31, 2016 to further the diligence efforts of Company I. Company I provided a non-binding written indication of interest on November 14, 2016 for a stock-for-stock merger at a value less than $19.00 per share.

40. On December 14, 2016, Tricon representatives, including Berman, met with Defendant Kessler to discuss the previous acquisition proposal. On December 17, 2016, Tricon delivered a revised non-binding proposal at a price of $21.00 per share.

41. After further negotiation, Tricon increased the price to $21.50 per share. On January 6, 2017, the Company and Tricon entered into an extension of the standstill and non-solicitation provisions of the previous NDA. After further negotiations, on January 17, 2017, Tricom and the Company entered into an exclusivity agreement for merger negotiations through February 15, 2017.

42. After negotiation and finalization of the Merger Agreement, the Board met on February 27, 2017 to discuss the Proposed Transaction. Goldman provided its oral fairness opinion to the Board.

43. After receiving Goldman's opinion that the merger consideration was financially fair, the Board approved the Proposed Transaction and authorized the execution of the Merger Agreement.

44. Following the meeting, the Company and Tricon executed the Merger Agreement and other transaction documents.

45. The two companies then issued a joint press release, reading in relevant part:

> NEW YORK--(BUSINESS WIRE)-- Silver Bay Realty Trust Corp. (NYSE:SBY) (the "Company" or "Silver Bay"), a single-family rental real estate investment trust ("REIT"), today announced that its Board of Directors has unanimously approved and Silver Bay has entered into a definitive agreement pursuant to which Tricon Capital Group Inc. will acquire Silver Bay in a transaction valued at approximately $1.4 billion and announced its operating and financial results for the quarter and year ended December 31, 2016. Silver Bay's stockholders will receive $21.501 per share in cash for each outstanding share of common stock held immediately prior to the closing of the transaction. This purchase price represents a 19% premium to Silver Bay's closing price on February 24, 2017 of $18.01 and a 24% premium to the stock's 90 day trailing average price as of February 24, 2017.2 In addition, Tricon Capital Group Inc. will assume or repay a total of approximately $600.0 million of Silver Bay's debt (net of cash on hand).
>
> "This transaction delivers significant and immediate value to our stockholders," said Thomas W. Brock, Chief Executive Officer of Silver Bay. "We have continually evaluated the most prudent way to drive sustainable, long-term

8

capital appreciation and we believe this transaction is the best opportunity to return maximum value to our stockholders."

Mr. Brock continued, "Over the past year, we have been making excellent strides in driving efficiency across our operating platform. We closed out the year with the best quarter in our company's history, including a 96.7% occupancy rate, strong rental increases on both re-leases and renewals, a Same-Home Core NOI Margin of 60.7% and record Core FFO, which I credit to the dedication and focus of our Silver Bay team. Our well-crafted portfolio of single family properties and the recent strong performance across our platform will serve as a great complement to Tricon Capital Group Inc.'s business as the single family rental industry continues to evolve and consolidate."

The transaction, which has been unanimously approved by the boards of directors of both companies, is subject to customary closing conditions, including approval by the stockholders of Silver Bay, and is expected to close in the second quarter of 2017.

**The Proxy Misleads by Omitting Material Information**

46.     On March 28, 2017, Silver Bay filed the materially misleading and incomplete Proxy with the SEC. Designed to convince shareholders to vote in favor of the Proposed Transaction, the Proxy is rendered misleading by the omission of critical information concerning the process that resulted in the Proposed Transaction, and the Company's expected future value as a standalone entity as evidenced by the Company's financial projections.

47.     The Proxy discloses that Goldman relied upon "certain internal financial analyses and forecasts for Silver Bay prepared by its management and approved for Goldman Sachs' use by Silver Bay" (the "Forecasts"). Goldman then used these Forecasts in its financial analyses underlying the fairness opinion, including the *Selected Companies Analysis*, *Illustrative Present Value of Future Share Price Analysis*, and *Illustrative Discounted Cash Flow Analysis*. For example, in performing the *Illustrative Discounted Cash Flow Analysis*, Goldman used the "estimates of unlevered free cash flow for Silver Bay for the fiscal years 2017 through 2019 as reflected in the Forecasts."

9

48.     However, the Proxy omits the entirety of these Forecasts.  The Proxy omits the Company's projections for unlevered free cash flows, the line item projections used to calculate the unlevered free cash flows, the funds from operations ("FFO") projections used in the *Selected Companies Analysis* and the *Illustrative Present Value of Future Share Price Analysis*, and the line item projections that were used to calculate the FFO projections.

49.     These Forecasts were provided to Goldman, and used by Goldman, solely for the purpose of creating a fairness opinion that could then be used in soliciting stockholder approval of the Proposed Transaction.  Because these analyses were presented to the Silver Bay stockholders as evidence of the fairness of the Proposed Transaction, the omission of the Forecasts materially misleads those same stockholders as to the accuracy, reliability and value of the analyses.

50.     The Proxy also fails to disclose whether any of the confidentiality agreements entered into with interested parties in 2015 other than Tricon contained standstill and/or don't-ask-don't-waive provisions, whether those provisions still apply, and if so, whether such standstills are currently operating to preclude the counterparties from making a topping bid for the Company now.  The Proxy discloses that the NDA entered into with Tricon contains a standstill provision, but materially misleads Silver Bay stockholders by failing to state whether this standstill provision is a don't-ask-don't-waive provision, and whether those NDAs previously entered into contained a standstill or don't-ask-don't-waive provision that would prevent a third party from coming forward with a superior offer to the Proposed Transaction.

51.     The Proxy Statement certain offers and indications of interest received by Silver Bay, including those discussed at the September 25, 2015 Board meeting; those received from Company D, Company E, Company F, and Company G; that received from Tricon as discussed at the November 12, 2015 Board meeting; the four received between November 23, 2015 and

December 17, 2015; Company J's January 14, 2016 proposal; and Company K's August 15, 2016 proposal. However, the Proxy is materially misleading by virtue of the failure to disclose the terms and values of these offers and indications of interest.

52. The omission of this material information renders the Proxy materially misleading with respect to the sections designated as the "Background to the Merger," the "Recommendation of the Board and Reasons for Merger," and the "Fairness Opinion of Goldman, Sachs & Co."

53. Accordingly, Plaintiff seeks injunctive and other equitable relief to prevent the irreparable injury that Company stockholders will continue to suffer absent judicial intervention.

## CLAIMS FOR RELIEF

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Silver Bay

63. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

64. The Individual Defendants disseminated the false and misleading Proxy, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Silver Bay is liable as the issuer of these statements.

65. The Proxy was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy.

66. The Individual Defendants were at least negligent in filing the Proxy with these materially false and misleading statements.

11

67. The omissions and false and misleading statements in the Proxy are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy and in other information reasonably available to stockholders.

68. The Proxy is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

69. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

70. Because of the false and misleading statements in the Proxy, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

71. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

72. The Individual Defendants acted as controlling persons of Silver Bay within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of Silver Bay and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

73. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy alleged by Plaintiff to be misleading prior to and/or shortly after these

statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

74. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy.

75. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

76. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Declaring that this action is properly maintainable as a class action and certifying Plaintiff as the Class representative and his counsel as Class counsel;

B. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

C. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

D. Directing the Individual Defendants to disseminate a Proxy that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

E. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

F. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

G. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated: April 7, 2017      LEVI & KORSINSKY LLP

/s/ Donald J. Enright
Donald J. Enright, Esq. (#013551)
Brian D. Stewart (#19906)
1101 30th Street NW
Suite 115
Washington, D.C. 20007
Telephone:   (202) 524-4290
Facsimile:   (202) 333-2121

*Counsel for Plaintiff*